IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELICA MARQUEZ and JORGE FLORES,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ETHIO CAFE', INC., d/b/a THE IVY ON CLARK and MICHAEL FLAMMANG, individually,<br><br>　　　　Defendants. | No.<br>Judge<br><br>FILED: 5/7/2008<br>08 CV 2632 JH<br>JUDGE LEINENWEBER<br>MAGISTRATE JUDGE COLE |

## COMPLAINT

Plaintiffs Angelica Marquez and Jorge Flores ("Plaintiffs"), through their attorneys, for their Complaint against Defendants Ethio Cafe', Inc., d/b/a The Ivy on Clark ("Ivy") and Michael Flammang ("Flammang"), individually, (collectively, "Defendants") state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiffs their earned and living wages.

**PARTIES**

2.　At all material times hereto, Plaintiffs were employed by Defendants as "employees" within the meaning of the FLSA, 29 U.S.C. §203(e)(1) and the IMWL, 820 ILCS §105/1 *et seq.*

3.　Plaintiffs reside in and are domiciled within this judicial district.

4. During the course of their employment, Plaintiffs engaged in commerce or in the production of goods for commerce.

5. At all material times hereto, Defendants were Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS §105/3(c).

6. Defendant Ivy is an Illinois corporation doing business within the state of Illinois.

7. Defendant Ivy has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

8. Defendant Ivy is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

9. Defendant Ivy's principal place of business is located within this judicial district.

10. Defendant Flammang is President of Defendant Ethio Cafe', Inc., d/b/a The Ivy on Clark located at 3462 N. Clark, Chicago, IL 60657. He is involved in the day-to-day business operations of Ivy. Among other things, Defendant Flammang has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Flammang is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

11. Defendant Flammang resides in this judicial district.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

13. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours in individual work weeks.

14. Plaintiffs performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

15. During the course of Plaintiffs' employment with Defendants, Defendants directed Plaintiffs to work, in excess of forty (40) hours in individual work weeks and Plaintiffs customarily did work in excess of fifty (50) hours in individual work weeks.

16. Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

17. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

18. Defendants' failure and refusal to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

19. Defendants willfully violated the FLSA by refusing to pay Plaintiffs' overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.　A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all time which they worked in excess of forty (40) hours per week;

B.　Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.　Reasonable attorneys' fees and costs incurred in filing this action; and,

D.　Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20.　This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

21.　The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/4(a).

22.　During the course of Plaintiffs employment with Defendants, Defendants directed Plaintiffs to work in excess of forty (40) hours in individual work weeks, and Plaintiffs customarily did work in excess of fifty (50) hours in individual work weeks.

23.　Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

24.　Defendants violated the IMWL by failing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

25. Pursuant to 820 ILCS §105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times their regular hourly rate of pay for all time which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. Damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: May 7, 2008

s/John E. Untereker
JOHN E. UNTEREKER (ARDC # 6290945)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
Working Hands Legal Clinic,
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs